**In the United States District Court**
**Northern District of Alabama**
**Western Division**

| | | |
|---|---|---|
| **United States** | ) | |
| | ) | |
| v. | ) | Case No. 7:25-cr-00227-RDP-GMB |
| | ) | |
| **Jalan C. Lewis** | ) | Sentencing Memorandum |

  Mr. Jalan C. Lewis joins the United States in asking this Honorable Court to accept the binding plea agreement and impose a 420-month custodial sentence. This disposition represents a sentence within the advisory guideline range that the statutory sentencing factors support for Mr. Lewis's first-ever criminal convictions.

  Mr. Lewis understands that no statement of remorse, however sincere, can undo his crimes or erase its impact on the victim. All he can offer are his words, along with his guilty plea. He is hopeful that the avoidance of a trial will aid in the young woman's healing process, and nothing that Mr. Lewis states herein or at his upcoming sentencing hearing is intended to diminish from that.

  In weighing whether to accept the stipulated sentence, Mr. Lewis asks this Court to consider his longstanding and, until the instant incarceration, unaddressed mental health issues. *See* PSR at ¶ 81. He hopes to receive mental health treatment during his long prison sentence. Mr. Lewis further asks the Court to take into account his complete lack of prior convictions or arrests. He enjoys a strong support system from his family who will continue to be a positive force in his life during his incarceration, and thereafter. Mr. Lewis's commitment to his family is sincerely held; as noted in the presentence report, he left high school to take a job to support

his sister, who was then pregnant and single. *See* PSR at ¶ 87. His long record of gainful employment, along with the plans Mr. Lewis has expressed to continue his education and vocational training while in BOP custody, further suggests that he will be a successful supervised releasee after he has served his time. *See* PSR at ¶¶ 90-93.

      Those factors, along with Mr. Lewis's acceptance of responsibility, indicate that his history and characteristics inure in favor of the stipulated sentence. So do the remaining 18 U.S.C. § 3553(a) considerations. Spending 35 years in federal prison is, by any measure, significant punishment, and presents no threat to deterrence or any other the other retribution-centered sentencing factors. As a within-guidelines sentence, it avoids an unwarranted sentencing disparity and necessarily accounts for both Mr. Lewis's lack of a prior criminal record and the nature and circumstances of his crimes. And the more alarming components of Mr. Lewis's crimes are reflected in the stipulated sentence, as it significantly exceeds the average and median sentences for similarly situated offenders over the past five fiscal years. *See* PSR ¶ 113.

      For all of these reasons, Mr. Lewis respectfully asks this Honorable Court to impose the stipulated sentence. He further asks the Court to recommend to the Bureau of Prisons that he be permitted to participate in substance abuse treatment. Mr. Lewis also requests the Court recommend him for mental health counseling while in custody, and thereafter on supervised release.

                                Respectfully submitted,

        KEVIN L. BUTLER
        FEDERAL PUBLIC DEFENDER
        Northern District of Alabama

        **/s/ James T. Gibson**
        JAMES T. GIBSON
        Assistant Federal Public Defender
        505 20th Street North, Suite 1425
        Birmingham, Alabama 35216
        (205) 208-7170
        James_Gibson@fd.org

## Certificate of Service

    I hereby certify that on January 15, 2026, I electronically filed the foregoing via this Court's CM/ECF system, which will send notice of such filing to all counsel of record.

        Respectfully submitted.

        **/s/ James T. Gibson**
        JAMES T. GIBSON